UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL BARATTI,

    Plaintiff,

v.                                                     CASE NO. 6:11-cv-921-Orl-28KRS

JUDGE POLOGDNA, et al.,

    Defendants.

## ORDER

This case is before the Court on Plaintiff's Motion Seeking Emergency Injunction for Relief From Order Adjudging Defendant Incompetent to Proceed and Commitment to Department of Children and Families (Doc. No. 12). Although the allegations in the motion are somewhat incomprehensible, it appears that Plaintiff complains of his arrest and incarceration in the Osceola County Jail. *Id.* Plaintiff's motion details a litany of alleged illegal actions committed by the state court judge and public defender but Plaintiff makes no mention of any competency evaluations or orders issued by the state court judge relating to his competency. *Id.* Plaintiff does, however, attach a June 24, 2011 order adjudging him incompetent to stand trial (Doc. No. 12-7).

The Eleventh Circuit has fashioned a four-factor test for granting an injunction in this Court:

> To be entitled to injunctive relief, the moving party must establish that (1) there is a substantial likelihood that he ultimately will prevail on the merits of the claim; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage

>the proposed injunction may cause the opposing party; and (4) the public interest will not be harmed if the injunction should issue.

*Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983) (citations omitted). "The purpose of . . . a preliminary injunction is 'merely to preserve the relative positions of the parties until a trial on the merits can be held.'" *United States v. Lambert*, 695 F.2d 536, 539-40 (11th Cir. 1983) (quoting *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)). "Because a preliminary injunction is 'an extraordinary and drastic remedy,' its grant is the exception rather than the rule, and Plaintiff must clearly carry the burden of persuasion." *Lambert*, 695 F.2d at 539 (quoting *State of Texas v. Seatrain International, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975)).

Further, Plaintiff must comply with Local Rule 4.05 and/or Local Rule 4.06, Rules of the United States District Court for the Middle District of Florida and Federal Rule of Civil Procedure 65 in drafting his motion. These rules govern this Court's decision as to whether an injunction shall issue. In this case, Plaintiff has failed to comply with the Local Rules in drafting his motion. Specifically, Plaintiff has not supported his motion with any comprehensible facts indicating that he is threatened with irreparable injury, nor has he demonstrated a likelihood that he will ultimately prevail on the merits of his claims in this case. *See* Local Rules 4.05 and 4.06 (b)(2) - (4), Middle District of Florida.

Accordingly, it is hereby **ORDERED** that Plaintiff's Motion Seeking Emergency Injunction for Relief From Order Adjudging Defendant Incompetent to Proceed and

Commitment to Department of Children and Families (Doc. No. 12) is **DENIED** without prejudice.

      **DONE AND ORDERED** in Orlando, Florida, this 18th day of July, 2011.

                                                GREGORY A. PRESNELL
                                            UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 7/18
Michael Baratti